UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. T. TUCKER, JR.,

       Plaintiff,

                                           CASE NO. 09-CV-13247

v.

                                           HONORABLE AVERN COHN

NICK LUDWICK, et al.,

       Defendants.

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT

### I. INTRODUCTION

Plaintiff L. T. Tucker, Jr. ("Plaintiff"), a state prisoner confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of fees and costs so that he may proceed without prepayment of the $350.00 filing fee for this action. See 28 U.S.C. § 1915(a)(1). Plaintiff names the warden and the prison chaplain as defendants in this action. Plaintiff alleges that the defendants have refused to allow him to participate in the kosher meal program and have refused to allow him to establish a new religious group service. Plaintiff alleges a violation of his constitutional rights and seeks injunctive relief and monetary damages. For the reasons stated herein, the Court denies Plaintiff's application to without prepayment of fees and costs and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

1

## II.  DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances.  The statute states, in relevant part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted.  Id.; see also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court.  The Court's records reveal that Plaintiff has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See, e.g., Tucker v. Chapin, et al., No. 4:94-cv-100 (W.D. Mich. June 30, 1994); Tucker v. Kinney, et al., No. 4:94-cv-101 (W.D. Mich. June 30, 1994); Tucker v. Hembree, et al., No. 4:94-cv-105 (W.D. Mich. July 15, 1994); Percival, et al.v. Williams, et al., No. 1:00-cv-849 (W.D. Mich. Nov. 29, 2000).

2

Although three of the dismissals were entered before the PLRA's enactment in 1996, such dismissals nevertheless count as strikes.  See Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir.1998).  In addition, Plaintiff has previously been denied leave to proceed in forma pauperis for having three strikes.  See, e.g.,Tucker v. Smith, et. al., No. 06-CV-94, 2006 WL 1155479 (W.D. Mich. April 26, 2006); app. dism. No. 06-2408 (6th Cir. Dec. 14, 2006); Tucker v. Bergh, et. al., No. 06-CV-73, 2006 WL 1008985 (W.D. Mich. April 14, 2006); app. dism. No. 06-2405 (6th Cir. Dec. 14, 2006).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed.  See Rittner v. Kinder, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).  A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception.  Id.

The events giving rise to Plaintiff's complaint, i.e., the alleged failure to provide him with a kosher diet and the refusal to allow him to establish a new religious group service, do not pose any threat of imminent danger of serious physical injury.  While Plaintiff asserts that corrections officers have previously assaulted him by pushing a thumb in his eye and neck, by using handcuffs to pull his arm out of food slot, and by twice taking his food trays, such allegations of past improper conduct are insufficient to establish that he is under imminent danger of serious physical injury.  See Rittner, supra.  Furthermore, although

3

Plaintiff claims that corrections officers have threatened to assault or kill him if he pursues his grievances and lawsuits, verbal threats alone are insufficient to establish "imminent danger" under 28 U.S.C.§ 1915(g). See Polanco v. Hopkins, 510 F.3d 152, 155 (2d Cir. 2007); see also Tucker, 2006 WL 1155479, at *2. Plaintiff has not alleged facts which show that he is under immediate or specific danger of future serious physical injury. See Davis v. Cook, 4 Fed. Appx. 261, 262 (6th Cir. 2001). It appears that Plaintiff's claims of imminent danger have been included in his complaint solely to avoid application of the three strikes rule. To be sure, the Court's records reveal that Plaintiff has filed numerous lawsuits in this Court and in the United States District Court for the Western District of Michigan despite the alleged threats. Plaintiff has failed to show that he falls within the exception to the three strikes rule.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, Plaintiff's application to proceed without prepayment of fees or costs is DENIED and the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint

is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.


 s/ Avern Cohn                                    
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 26, 2009


I hereby certify that a copy of the foregoing document was mailed to L.T. Tucker 132271, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 on this date, August 26, 2009, by electronic and/or ordinary mail.


 s/ Julie Owens                                    
Case Manager, (313) 234-5160